# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO.:

MONICA BUSTILLO,
ERIC DENIS,

    Plaintiff,

v.

THE CITY OF MIAMI, a
political subdivision of the State of
Florida, CAROLINA GALVEZ,
DANIEL KERR, KASSANDRA
MERCADO, MARQUIS WILLIAMS,
All residents of the State of Florida.

    Defendants.    /

## COMPLAINT

Plaintiffs, MONICA BUSTILLO ("Ms. Bustillo") and ERIC DENIS ("Mr. Denis"), bring this Complaint against the CITY OF MIAMI ("The City") and its employees, CAROLINA GALVEZ ("Officer Galvez"), DANIEL KERR ("Officer Kerr"), KASSANDRA MERCADO ("Officer Mercado"), and MARQUIS WILLIAMS ("Officer Williams"), and allege the following:

### THE PARTIES, JURISDICTION, AND VENUE

At all times material to this action:

    1.    Ms. Bustillo was a citizen of the State of Florida, and a resident of Miami-Dade County, Florida.

    2.    Mr. Denis was a citizen of the State of Florida, and a resident of Miami-Dade County, Florida.

3. Defendant, the City of Miami, was a public entity incorporated under the laws of the State of Florida, and was responsible for establishing, organizing, operating, and policing areas within the City of Miami.

4. Defendant, Carolina Galvez, was a resident of the State of Florida and employed as a police officer by the City of Miami Police Department.

5. Defendant, Daniel Kerr, was a resident of the State of Florida and employed as a police officer by the City of Miami Police Department.

6. Defendant, Kassandra Mercado, was a resident of the State of Florida and employed as a police officer by the City of Miami Police Department.

7. Defendant, Marquis Williams, was a resident of the State of Florida and employed as a police officer by the City of Miami Police Department.

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

9. Ms. Bustillo and Mr. Denis also request that this Court exercise supplemental jurisdiction over their state law claim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same operative nucleus set of facts.

10. Venue is proper because the events giving rise to this claim all occurred within the City of Miami, which is in the Southern District of Florida.

**FACTS GIVING RISE TO THE CLAIMS**

11. Eric Denis owns a store in the Wynwood area of the City of Miami named "004 Connec."

11. 004 Connec provides arts supplies and merchandise to its customers.

12. 004 Connec has been operating in Wynwood since 2010 and has been located at 594 NW 26th St, Miami, FL 33127 since January 2019.

13. On June 30, 2021, Mr. Denis closed his business at approximately 7:00 p.m. to allow an artist to film a music video.

14. Mr. Denis hired private security to prevent anyone from coming inside except for people filming the video.

15. Officer Galvez was patrolling the area and noticed the security guard standing outside of Mr. Denis' business.

16. Officer Galvez approached the security guard and asked what was going on.

17. Eventually, Mr. Denis responded and met with Officer Galvez outside of his business.

18. Officer Galvez demanded that Mr. Denis allow her inside to "conduct an investigation," but did not initially state the purpose of her investigation.

19. Officer Galvez also did not possess a warrant to search the premises.

20. Mr. Denis told Officer Galvez that his business was closed to the public, and that the law does not require him to just let her inside during a private event.

21. Officer Galvez stated that "she understands that, but she's just trying to get information."

22. She later stated, "I'm not going to tell you that I'm going to just barge into your location, I could have done that, but I'm not going to because I respect your business."

23. Mr. Denis responded, "you're the police, you can do whatever you want."

24. Officer Galvez responded, "not necessarily," recognizing that the law does not give police officers *carte blanche* authority to force their way into a business whenever they want.

25. Mr. Denis responded, "but you're asking me [to let you inside] and you're trying to force me to give you a different answer."

26. Officer Galvez then acknowledged to Mr. Denis that "there is no imminent threat" of danger and "no emergency" to justify a forced entry into Mr. Denis' business.

27. Officer Galvez stated again that she is not going to barge into Mr. Denis' business because there was no cause to do so.

28. Officer Galvez stated that "[she's] not going to do anything that [she's] not supposed to do." Officer Galvez clearly understood that she had no right to force her way inside Mr. Denis' business.

29. Ultimately, Officer Galvez retracted her statement and arrested Mr. Denis for obstruction of justice for refusing to allow her inside.

30. Officer Galvez took Mr. Denis' wallet, keys and belongings and placed them on the top of her car.

31. Officer Galvez then locked Mr. Denis in the back of her police car.

32. While inside the police car, Officer Galvez told Mr. Denis that, "because this is a business, anyone has the right to come inside."

33. Officer Galvez asked Mr. Denis for his business license.

34. Mr. Denis responded that his business license was inside.

35. Officer Galvez then asked Mr. Denis about his relationship with a woman who was standing nearby who appeared to be with Mr. Denis.

36. Mr. Denis told Officer Galvez that the woman – later identified as Monica Bustillo – was his girlfriend.

37. Officer Galvez asked Mr. Denis whether Ms. Bustillo would have access to his business documents.

38. Mr. Denis stated that Ms. Bustillo <u>would not</u> know where his business documents were located, as she was not an owner.

39. Mr. Denis told Officer Galvez that his business documents were in his business, inside a box.

40. Since Officer Galvez planned to transport Mr. Denis to jail, she gave Mr. Denis' car keys to Ms. Bustillo.

41. Officer Galvez told Mr. Denis that she and the other officers on scene were going to conduct a "life and safety search" of the business, even though she had stated just moments earlier that there was no evidence of an "emergency" nor an "imminent threat of danger" to anyone inside.

42. Officer Galvez then spoke with Ms. Bustillo about her purpose in arresting Mr. Denis.

43. During the conversation, Officer Galvez attempted to justify her actions by telling Ms. Bustillo that, "if you are a business owner and you have a private event to display art, that's totally fine.  But if you start selling tickets and have all these people show up, then it becomes a life safety issue."

44. The irony of Officer Galvez's statement is that nobody "showed up" with tickets to go inside the business (as if it were a party).

45. Equally important, the ***one person*** who approached the scene, inquiring whether she could enter the property, was a woman who told the police that it was a private event.

46. The police asked the woman if she had to purchase a ticket.

47. The woman responded, "No."

48. As reflected on the body-worn camera footage, the officer who retrieved this information immediately reported it to Officer Galvez.

49. Officer Galvez then asked the officers, "Are you guys hot?" meaning, did the officers have the volume to their body-worn cameras turned on.

50. All the officers then turned off the sound to their cameras and had a conversation with each other.

51. Officer Galvez tried to conceal the truth about what was occurring.

52. Officer Galvez then continued to attempt to justify her actions to Ms. Bustillo, *i.e.*, that she was entering Mr. Denis' business under the life safety exception to the warrant requirement, which simply did not exist at any point that night.

53. Officer Galvez and other officers asked Ms. Bustillo, "Who has the keys to the business?"

54. Since the Officers gave Mr. Denis' keys to Ms. Bustillo when they placed him in the police car, Ms. Bustillo stated that she had the keys.[1]

55. Ms. Bustillo expressed her concern about opening Mr. Denis' without his permission.

56. Officer Galvez responded, "Either you are going to open it, or fire rescue is going to break the door down."

57. Ms. Bustillo continued to explain that she is not the business owner and does not have the authority to do anything.

---

[1] It is important to note that Ms. Bustillo never tried to use the keys to see if they actually opened the door.

58. Ms. Bustillo told the police to ask Mr. Denis, who was 15 feet away in the back of a police car, if she had permission to open his business.

59. Again, Ms. Bustillo assumed that Mr. Denis' key ring had a key to open the door, but she never attempted to open the door with Mr. Denis' keys.

60. Mr. Denis told the officers that Ms. Bustillo **was not** authorized to open his business, which is solely in his name.

61. No officer ever asked Ms. Bustillo to return the keys that Officer Galvez had previously given her.

62. Commander Daniel Kerr then arrived on scene and spoke to Ms. Bustillo.

63. Officer Cassandra Mercado, who was wearing a body-worn camera, intentionally turned off her audio when Commander Kerr was speaking to Ms. Bustillo so that his conversation would not get recorded.

64. When the audio came back on, Ms. Bustillo told the commander that she was not authorized to open the door.

65. Within moments, Commander Kerr told Ms. Bustillo that she was under arrest and to place her hands behind her back.

66. Officers Marquis Williams and Officer Kassandra Mercado then grabbed Ms. Bustillo and arrested her for obstruction of justice.

67. Officer Williams and Mercado arrested Ms. Bustillo even though no officer ever asked her for Mr. Denis' keys, nor did any officer ask her if the keys actually opened the door to the business (assuming that she knew).

68. The officers retrieved Mr. Denis' keys and attempted to open the door.

69. However, none of the keys worked.

70. Ms. Bustillo did not have any other keys with her.

71. Still, the police arrested Ms. Bustillo for obstruction of justice and transported her to jail.

72. The officers broke the lock to Mr. Denis' business and went inside.

73. Nobody was present at the time.

74. The officers then illegally searched the contents of Mr. Denis' business, including the cash register, which is contrary to the purpose of a "life safety search."

75. The officers never retrieved a warrant.

76. To add insult to injury, Officer Galvez wrote on the arrest affidavit that she observed "approximately 100 patrons periodically entering and exiting the front doors of [the property]."

77. However, the unbiased body worn camera footage shows that her statement was a complete fabrication.

78. Officer Galvez wrote this fabricated information in Mr. Denis's arrest affidavit to falsely establish probable cause to arrest Mr. Denis and Ms. Bustillo, because she knew that she lacked probable cause to conduct a "life and safety search."

79. For instance, the police did not receive a hang-up call, indicating that someone might be in danger.

80. The police did not hear any rumbling or commotion going on inside of the business.

81. Nobody called 911 and asked the police to respond.

82. The officers lacked knowledge of any facts whatsoever that would reasonably lead them to believe that someone's life or safety was in danger.

83. After enduring an extensive and costly legal battle, the State Attorney's Office dismissed all charges against Mr. Denis and Ms. Bustillo.

84. Despite the dismissal, this incident resulted in a significant financial burden for Mr. Denis and Ms. Bustillo.

85. Mr. Denis and Ms. Bustillo also suffered mental pain and suffering, emotional distress, and mental anguish, amongst other damages.

### COUNT I: FOURTH AMENDMENT VIOLATION – DANIEL KERR FALSELY ARRESTED MONICA BUSTILLO

86. Ms. Bustillo re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

87. Ms. Bustillo brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of her Civil Rights caused by Miami Police Officer Daniel Kerr.

88. Officer Kerr intentionally committed an act that violated Ms. Bustillo's Fourth Amendment right not to be arrested or imprisoned without probable cause.

89. Officer Kerr's conduct caused injury to Ms. Bustillo.

90. Officer Kerr was acting under color of state law as a police officer when he committed such acts.

91. No reasonable police officer could have reasonably believed that probable cause existed to arrest or imprison Ms. Bustillo for a criminal offense. Therefore, Officer Kerr is liable to Ms. Bustillo pursuant to § 1983.

### COUNT II: FOURTH AMENDMENT VIOLATION – KASSANDRA MERCADO FALSELY ARRESTED MONICA BUSTILLO

92. Ms. Bustillo re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

93. Ms. Bustillo brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of her Civil Rights caused by Miami Police Officer Kassandra Mercado.

94. Officer Mercado intentionally committed an act that violated Ms. Bustillo's Fourth Amendment right not to be subjected to arrest or imprisonment without probable cause.

95. Officer Mercado's conduct caused injury to Ms. Bustillo.

96. Officer Mercado was acting under color of state law as a police officer when she committed such acts.

97. No reasonable police officer could have reasonably believed that probable cause existed to arrest or imprison Ms. Bustillo for a criminal offense. Therefore, Officer Mercado is liable to Ms. Bustillo pursuant to § 1983.

### COUNT III: FOURTH AMENDMENT VIOLATION – MARQUIS WILLIAMS FALSELY ARRESTED MONICA BUSTILLO

98. Ms. Bustillo re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

99. Ms. Bustillo brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of her Civil Rights caused by Miami Police Officer Marquis Williams.

100. Officer Williams intentionally committed an act that violated Ms. Bustillo's Fourth Amendment right not to be arrested or imprisoned without probable cause.

101. Officer Williams' conduct caused injury to Ms. Bustillo.

102. Officer Williams was acting under color of state law as a police officer when he committed such acts.

103. No reasonable police officer could have reasonably believed that probable cause existed to arrest or imprison Ms. Bustillo for a criminal offense. Therefore, Officer Williams is liable to Ms. Bustillo pursuant to § 1983.

### COUNT IV: STATE LAW FALSE ARREST/IMPRISONMENT – THE CITY OF MIAMI FALSELY ARRESTED MONICA BUSTILLO

104. Ms. Bustillo re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

105. This action is brought by Ms. Bustillo for false arrest and false imprisonment under state law, pursuant to the City of Miami's waiver of sovereign immunity under Florida Statute 768.28.

106. The City of Miami, via Officers Kerr, Mercado, and Williams, intentionally restrained Ms. Bustillo under circumstances that were unreasonable and unwarranted, and without legal authority, which caused harm to Ms. Bustillo.

107. Specifically, Officers Kerr, Mercado, and Williams arrested Ms. Bustillo without a warrant or probable cause to believe that a crime occurred.

108. Officers Kerr, Mercado, and Williams were employed as police officers with the City of Miami when they arrested Ms. Bustillo.

109. Accordingly, the City of Miami is liable to Ms. Bustillo for the injuries caused by its officers.

### COUNT V: FOURTH AMENDMENT VIOLATION – CAROLINA GALVEZ FALSELY ARRESTED ERIC DENIS

110. Mr. Denis re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

111. Mr. Denis brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Miami Police Officer Carolina Galvez.

112. Officer Galvez intentionally committed an act that violated Mr. Denis's Fourth Amendment right not to be arrested or imprisoned without probable cause.

113. Officer Galvez's conduct caused injury to Mr. Denis.

114. Officer Galvez was acting under color of state law as a police officer when he committed such acts.

115. No reasonable police officer could have believed that probable cause existed to arrest or imprison Mr. Denis for a criminal offense. Therefore, Officer Galvez is liable to Mr. Denis pursuant to § 1983.

### COUNT VI: FOURTH AMENDMENT VIOLATION –
### CAROLINA GALVEZ UNLAWFUL SEARCHED/ENTERED
### ERIC DENIS' BUSINESS

116. Mr. Denis re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

117. Mr. Denis brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Miami Police Officer Carolina Galvez.

118. Officer Galvez illegally entered and searched Mr. Denis' business without a warrant, probable cause, or an exception to the warrant requirement.

119. In conducting the search, Officer Galvez acted intentionally.

120. Officer Galvez's search of Mr. Denis' business was unreasonable under the circumstances.

121. Officer Galvez was acting under color of state law as a police officer when she committed such acts.

### COUNT VII: FOURTH AMENDMENT VIOLATION –
### DANIEL KERR UNLAWFUL SEARCHED/ENTERED
### ERIC DENIS' BUSINESS

122. Mr. Denis re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

123. Mr. Denis brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Miami Police Daniel Kerr.

124. Officer Kerr illegally entered and searched Mr. Denis' business without a warrant, probable cause, or an exception to the warrant requirement.

125. In conducting the search, Officer Kerr acted intentionally.

126. Officer Kerr's search of Mr. Denis' business was unreasonable under the circumstances.

127. Officer Kerr was acting under color of state law as a police officer when he committed such acts.

### COUNT VIII: FOURTH AMENDMENT VIOLATION – KASSANDRA MERCADO UNLAWFUL SEARCHED/ENTERED ERIC DENIS' BUSINESS

128. Mr. Denis re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

129. Mr. Denis brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Miami Police Officer Kassandra Mercado.

130. Officer Mercado illegally entered and searched Mr. Denis' business without a warrant, probable cause, or an exception to the warrant requirement.

131. In conducting the search, Officer Mercado acted intentionally.

132. Officer Mercado's search of Mr. Denis' business was unreasonable under the circumstances.

133. Officer Mercado was acting under color of state law as a police officer when she committed such acts.

### COUNT IX: FOURTH AMENDMENT VIOLATION – MARQUIS WILLIAMS UNLAWFUL SEARCHED/ENTERED ERIC DENIS' BUSINESS

134. Mr. Denis re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

135. Mr. Denis brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Miami Police Marquis Williams.

136. Officer Williams illegally entered and searched Mr. Denis' business without a warrant, probable cause, or an exception to the warrant requirement.

137. In conducting the search, Officer Williams acted intentionally.

138. Officer Williams' search of Mr. Denis' business was unreasonable under the circumstances.

139. Officer Williams was acting under color of state law as a police officer when he committed such acts.

### COUNT X: STATE LAW FALSE ARREST/IMPRISONMENT – THE CITY OF MIAMI FALSELY ARRESTED ERIC DENIS

140. Mr. Denis re-alleges the allegations contained in paragraphs 1-85 of this Complaint.

141. This action is brought by Mr. Denis for false arrest and false imprisonment under state law, pursuant to the City of Miami's waiver of sovereign immunity under Florida Statute 768.28.

142. The City of Miami, via Officer Galvez and/or other MPD officers, intentionally restrained Mr. Denis under circumstances that were unreasonable and unwarranted, and without legal authority, which caused harm to Mr. Denis.

143. Specifically, Officer Galvez and/or other MPD officers arrested Mr. Denis without a warrant or probable cause to believe that a crime occurred.

144. Officer Galvez and/or other MPD officers were employed as police officers with the City of Miami when she (or they) arrested Mr. Denis.

145. Accordingly, the City of Miami is liable to Mr. Denis for the injuries caused by its officers.

WHEREFORE, Plaintiffs, Eric Denis and Monica Bustillo, demand judgment in their favor for their economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Mr. Denis and Ms. Bustillo demand a jury trial of all issues so triable as of right by a jury.

DATED: June 27, 2024.

Respectfully submitted,

Hilton Napoleon Esq., FBN 17593
237 South Dixie Hwy., 4th Floor
Coral Gables, Florida 33133
Telephone: 305-510-7106
hilton@napoleonfirm.com
hiltonnapoleoniipa@gmail.com

*Counsel for the Plaintiff, Eric Denis and Monica Bustillo*

By: /s/ *Hilton Napoleon, II*
         Hilton Napoleon, II